UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

PATRICIA A.  GORMAN,                                          Case No. 11-73029-ast
                                                             Chapter 7

                                   Debtor.
--------------------------------------------------------X

## <u>DECISION AND ORDER GRANTING MOTION FOR RELIEF FROM STAY</u>

### <u>Issues Before the Court and Summary of Ruling</u>

Pending before the Court is a motion seeking relief from the automatic stay which

touches upon issues that have been the subject of numerous recent federal and state court

decisions, and an opinion of this Court, regarding who has the right to seek to foreclose against

residential property, particularly following the collapse of the sub-prime mortgage market.  This

Court recently issued an opinion, *In re Escobar*, 11-71114, 2011 WL 3667550 (Bankr. E.D.N.Y.

Aug. 22, 2011), in which servicing agents acting on behalf of the owners or holders of

promissory notes secured by liens against residential real property sought stay relief in order to

continue  foreclosure actions which were pending as of the petition date.  This case presents a

similar, but not identical, issue.  Here, Capital One, N.A. ("Capital One"), asserts that it holds a

valid note signed by Debtor, Patricia A. Gorman ("Debtor") in favor of  Chevy Chase Bank,

F.S.B. ("Chevy Chase"), secured by a valid mortgage against a residence located at 63 Romana

Drive, Hampton Bays, New York (the "Property").  Chevy Chase was a member of the Mortgage

Electronic Registration System a/k/a MERS program ("MERS"), and Capital One holds a

mortgage assignment executed by MERS.  However, Capital One is the successor by merger to

Chevy Chase, which is the original note payee and mortgagee.

As in *Escobar*, the chapter 7 trustee, but not the Debtor, objected to the stay relief motion

based on the validity of a MERS assignment, and presented a narrowly drawn challenge to lien

validity and standing to seek stay relief.  This decision, therefore, addresses whether Capital One

has standing to seek stay relief, and whether it is entitled to stay relief.  For the reasons to follow,

this Court concludes that Capital One has established its legal standing as a party-in-interest to

seek stay relief and has met its burden of proof to obtain stay relief.  As in *Escobar*, these

determinations are not based in any significant respect on the strictures and structures of the

MERS system and program, but upon the Bankruptcy Code's requirements under Section 362

and substantive New York State law regarding the rights of the owner and/or holder of a

promissory note secured by a lien against real property to seek to foreclose, and the rights of a

successor bank by virtue of a merger.

<u>Jurisdiction</u>

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C.

§§157(b)(2)(A), (G) and (O), and 1334(b), and the Standing Order of Reference in effect in the

Eastern District of New York dated August 28, 1986.

<u>Facts and Background</u>

On April 29, 2011, Debtor filed a voluntary petition for relief under Chapter 7 of the

Bankruptcy Code, which was assigned case number 11-73029-ast.  Allan B. Mendelsohn, Esq.

was appointed as interim Chapter 7 trustee, and thereafter qualified to become the permanent

Chapter 7 trustee of the Debtor's estate (the "Trustee").

On June 21, 2011, Capital One filed a motion seeking termination of the automatic stay

(the " Motion").  [dkt item 12]  On June 29, 2011, the Trustee filed an Affirmation in Opposition

to the Motion (the "Opposition"). [dkt item 15]  On July 22, 2011, Capital One filed a Reply to

the Opposition.  [dkt item 16]  On July 28, 2011, a hearing (the "Hearing") on the Motion and

the Opposition was held.  At the conclusion of the hearing, the Court took these matters on

submission.

*The Notes and Mortgages*

On or about January 25, 2007, Debtor executed a promissory note in the original principal amount of $1,304,306.00 (the "2007 Note"), made payable to Chevy Chase Bank, F.S.B. ("Chevy Chase").  Debtor executed a mortgage of even date to secure payment of the 2007 Note (the "2007 Mortgage"), by granting a lien against properties located at 47 Romana Drive and 63 Romana Drive, both in Hampton Bays, New York (the "Properties"). The 2007 Mortgage defines Chevy Chase as the Lender, and refers to MERS as follows: "FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD."  In the granting clause of the Mortgage, the lien to secure payment of the Note is granted "to MERS (solely as nominee for Lender and Lender's successors-in-interest) . . .."  The 2007 Mortgage was recorded in Suffolk County, New York on February 23, 2007. [dkt item 12-3]

On or about September 29, 2008, Debtor executed a Note in favor of Chevy Chase, in the original principal amount of $1,395,606 (the "2008 Note"), and a Mortgage to secure the Note (the "2008 Mortgage") The 2008 Mortgage only grants Chevy Chase a lien only against the Property at 63 Romana Drive. [dkt item 12-5] The 2008 Note and 2008 Mortgage represent a renewal and extension of the 2007 Note and 2007 Mortgage.

There is no endorsement on either the 2007 Note or the 2008 Note.

In support of the Motion, Capital One provided the Affidavit of Tina Oyafunke, a "Principal Associate" of Capital One, in which she affies that Capital One is the current holder of the 2007 Note and 2007 Mortgage, and has physical possession of both the 2007 Note and 2007 Mortgage (the "Oyafunke Affidavit").  Capital One  has also provided the Court with a

letter dated July 29, 2009, from the Comptroller of the Currency, Administrator of National Banks, authorizing Chevy Chase to be merged into Capital One, and a Certificate of Merger dated October 14, 2009, reflecting that effective as of July 30, 2009, Chevy Chase merged into Capital One. [dkt item 16]

Capital One also provided the mandatory EDNY worksheet required under General Order 538. This Order requires a party seeking stay relief for a residential property to provide a worksheet which includes a statement of loan defaults, the loan balance, property value, and the documents and instruments under which stay relief is sought.  Capital One provided this worksheet, to which are attached the 2007 Note, the 2007 Mortgage, the 2008 Note, and the 2008 Mortgage.  Ms. Oyafunke executed the worksheet under penalty of perjury, and swore that the attachments "are true and correct copies of the original documents." [dkt item 12-7]

Capital One also provided an Assignment of Mortgage, dated as of September 25, 2009, executed by MERS, "as nominee for Chevy Chase Bank, N.A.", by which MERS purports to assign the following mortgages to Capital One, stating as follows:

> [T]he following mortgages, as consolidated:
>
> Mortgage (i) made by PATRICIA A. GORMAN given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CHEVY CHASE BANK, F.S.B. to secure payment of the sum of $1,304,306.00 Dollars and interest, dated 1/25/2007, and recorded on 2/23/2007 in the office of the Clerk of the County of SUFFOLK in LIBER 21764 PAGE 669
>
> Mortgage (ii) made by PATRICIA A. GORMAN given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CHEVY CHASE BANK, F.S.B. to secure payment of the sum of $91,300.00 Dollars and interest, dated 9/29/2008 and recorded on 11/3/2008, in the Office of the Clerk of the County of SUFFOLK in LIBER 21754 PAGE 897
>
> Thereafter, mortgage (i) and (ii) were consolidated and modified as to constitute a single lien of $1,395,606.00 by Consolidation, extension and Modification Agreement dated 9/29/2008 made by PATRICIA A. GORMAN and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CHEVY

CHASE BANK, F.S.B. and recorded on 11/3/2008 in the Office of the Clerk of the County of SUFFOLK in LIBER 21764 PAGE 898

covering premises 63 ROMANA DRIVE, HAMPTON BAYS, NY 11946: SEE EXHIBIT A, ATTACHED, FOR LEGAL DESCRIPTION.

[dkt item 16]

Debtor's Schedules acknowledge a secured claim of Capital One against the Property in an amount of $1,399,676.51, and states a Property value of $900,000.00.

*The Trustee's Objection*

The Trustee's Opposition is narrowly drawn. The Trustee argued that, because the chain of mortgage assignments to Capital One originates from MERS, and that MERS never held the 2007 Note or the 2008 Note, MERS lacked authority to assign either mortgage and the mortgages may be unenforceable. [dkt item 15]  In his Opposition, however, the Trustee does not challenge any of the factual allegations made by Capital One as to execution and possession of the original 2007 Note and 2007 Mortgage, or Capital One's allegation that it is "the holder by merger of a note and mortgage dated January 25, 2007 in the original amount of $1,304,306 . . ." [dkt item 12]  The Trustee's Opposition relies exclusively on the opinion of Judge Grossman of this Court in *In re Agard*, 444 B.R. 231 (Bankr. E.D.N.Y. 2011)**,** and limits the opposition to an alleged unenforceability of the note and mortgage based thereon. At the Hearing, the Trustee also challenged whether Capital One had produced evidence of the 2008 Note and 2008 Mortgage, and whether Capital One had proven a lack of equity in the Property.

## Analysis

The automatic stay is among the most basic of debtor protections under bankruptcy law. Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against *inter alia* "the commencement or continuation . . . of a judicial,

administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case. " 11 U.S.C. § 362(a)(1).  It is well settled that "any proceeding or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (citing *48th St. Steakhouse, Inc. v. Rockefeller Group, Inc.* (*In re 48th St. Steakhouse Inc.*), 835 F.2d 427, 431 (2d Cir. 1987), *cert. denied*, 485 U.S. 1035 (1988); *In re Ebadi*, 448 B.R. 308 (Bankr. E.D.N.Y. 2011); *In re Vela*, No. 09-45134, 2009 WL 2882867 (Bankr. E.D.N.Y. 2009).  This stay, however, is both temporary in duration and subject to being modified or terminated under circumstances set out under the Bankruptcy Code. *See* 11 U.S.C. § 362(c), (d).

*Standing to Seek Stay Relief*

Here, as in *Escobar*, no challenge is asserted by the Trustee to the notion that a party affected by the automatic stay may seek relief from the stay, nor does the Trustee assert that Capital One is not prohibited by the stay from commencing or continuing a state court foreclosure action.  Capital One does not allege a foreclosure action had been commenced prior to the Petition Date.  Also, as noted in *Escobar*, granting or denying a stay relief motion is not and should not be considered a determination of the ultimate enforceability or unenforceability of the note and lien at issue; conversely, a lift stay motion cannot be brought by a stranger to the case.  *See*  Section 362(d), requiring that a lift stay motion be brought by a "party in interest." As stated in *Escobar*, the level of proof necessary to demonstrate standing to seek stay relief to commence or continue a mortgage foreclosure action is the level of proof necessary to commence a foreclosure action under New York law; that is where the movant claims rights as a secured creditor under a promissory note secured by a lien against real property, it must provide

satisfactory proof of its status as the owner or holder of the note at issue.  *See Escobar*,  *In re Lippold*, 11–12300, 2011 WL 3890540 (Bankr. S.D.N.Y. Sept. 6, 2011) (assignment of mortgage by entity that had rights only in mortgage but not note was a nullity and did not create standing to seek stay relief); *In re Mims*, 438 B.R. 52, 56 (Bankr. S.D.N.Y. 2010), ("Under New York law foreclosure of a mortgage may not be brought by one who has no title to it and absent transfer of the debt, the assignment of the mortgage is a nullity." *) See also In re Veal*, 450 B.R. 897 (9th Cir. B.A.P. 2011).

*Foreclosure Standing Under New York Law*

      In *Bank of New York v. Silverberg*, 86 A.D.3d 274, 275, 926 N.Y.S.2d 532, 533 (N.Y. App. Div. 2011)  the Second Department of the New York Appellate Division addressed foreclosure standing, and held that a plaintiff asserting rights as a mortgagee did not have "standing to commence a foreclosure action when that party's [mortgage] assignor [MERS] was listed in the underlying mortgage instruments as a nominee and mortgagee for the purpose of recording, but was never the actual holder or assignee of the underlying notes."   The *Silverberg* court summarized the law in New York generally as follows: "once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note[,]" but "a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it[.]"  *Id.* at 280, 926 N.Y.S.2d at 537 (internal citations omitted).  In *Escobar*, this Court adopted the *Silverberg* analysis, as New York law has long recognized that the rights under a mortgage lien are held by the holder of the note, and are beneficially transferred to the assignee of a promissory note if the note is properly transferred, even without the execution of a written assignment of the mortgage, and even without a written assignment of the mortgage.  However, the obverse is not true; an assignment of the mortgage does not effect a transfer of the debt.  Said otherwise, and

perhaps by oversimplification, the lien follows the debt, but the debt does not follow the lien.

Here, Capital One has demonstrated physical possession of the original 2007 Note, in addition to physical possession of the original 2007 Mortgage, through the Oyafunke Affidavit. Capital One has demonstrated physical possession of the 2008 Note and 2008 Mortgage through the worksheet.  Neither Note is endorsed.

Further, assignment or endorsement of the 2007 Note or the 2008 Note would not need to be demonstrated.  Capital One is the successor by merger to Chevy Chase, and the merger effects the legal transfer of the assets of the merged entity to the successor bank.  *See* NY BANKING LAW §602; *Ladino v. Bank of America*, 52 A.D.3d 571, 861 N.Y.S.2d 683 (N.Y. App. Div. 2008).

Finally, to determine "holder or assignee" status as to a note, the *Silverberg* court rejected the notion that a plaintiff must "provide *proof of recording* of the corrected assignment of the mortgage prior to the commencement of the [foreclosure] action," and stated that "this particular contention is without merit, as an assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery." *Silverberg*, 86 A.D.3d at 280, 926 N.Y.S.2d at 537 (emphasis in original).  As noted in *Silverberg*, "[i]n a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced[.]" *Id* (internal citations omitted).  Thus, the MERS Assignment here to which the Trustee objected is irrelevant for purposes of this decision.

Whether Capital One can ultimately prevail in a state foreclosure action and obtain a judgment of foreclosure is for the state courts to determine.  However, evidence to the effect provided herein creates a colorable claim on behalf of Capital One to relief before a state court

of competent jurisdiction, and thus satisfies Capital One's burden of establishing party in interest

standing under Section 362(d) to seek stay relief.[1]

*Substantive Right to Stay Relief*

Having established standing to seek stay relief, the second question is whether

Capital One has demonstrated entitlement to stay relief.  The Trustee did not challenge Capital

One's evidence of Debtor's defaults under the notes and mortgages.  No effective reorganization

is possible in a chapter 7 case.  Capital One has also met its burden of proving Debtor's lack of

equity in the Property at issue.  By its worksheet, Capital One ascribed a property value of

$900,000.00, based upon Debtor's sworn Schedules.  The Trustee asserted at the Hearing that he

is not bound by the Debtor's scheduled value, although the Trustee did not raise this issue in his

filed Opposition.  This Court need not reach the issue of whether the Trustee is bound by an

admission which may be made by and bind Debtor under Rule 801(d)(2) of the Federal Rules of

Evidence; Debtor's scheduled statement of value is some evidence of the value of the Property,

and it is the only evidence of value before the Court.  Thus, Capital One has met its burden of

proof as to lack of equity in the Property under §362(g), and has satisfied its burden to obtain

stay relief under Sections 362(d)(2).

*Decision*

The automatic stay in effect pursuant to Section 362 should be terminated as to Capital

One, such that it may take any all action under applicable state law to exercise state law remedies

as against the Property.  Based on the foregoing, it is hereby

**ORDERED**, that the automatic stay in effect pursuant to Section 362 is hereby

---

[1]  Whether this level of proof would be adequate for a purported lien holder to prevail on an objection to a filed proof of claim, or in an adversary proceeding seeking to establish lien validity, priority and enforceability, is not before this Court, and therefore not reached by this opinion.

terminated as to Capital One, such that it may take any all action under applicable state law to exercise state law remedies as against the Property; and it is further

     **ORDERED** that the Trustee be served with a copy of the referee's report of sale within thirty (30) days of the report; and it is further

     **ORDERED**, that the Trustee shall retain any and all interest the Debtor's estate may have in any surplus monies from a foreclosure sale of the Property, after consideration of any allowable exemptions, if any.



Dated: October 27, 2011
     Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**